# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

CYNTHIA MOYA,

    Appellant,

v.                                                                                             Civ. No. 17-978 JB/GJF

FNU LNU,

    Appellee.

## MEMORANDUM OPINION
## AND ORDER TO SHOW CAUSE

THIS MATTER is before the Court *sua sponte* for consideration of the Notice of Appeal filed by Appellant "Cynthia Moya, Estate." ECF No. 1. Appellant seeks to appeal an order entered by the Bankruptcy Court in Case No. 17-10839-j7. Having carefully reviewed the record and applicable law, the Court will require Moya to show cause why the appeal should not be dismissed for lack of jurisdiction.

### I.    PROCEDURAL BACKGROUND

Appellant commenced the underlying Chapter 7 bankruptcy case on April 4, 2017. Case No. 17-10839-j7, Bankruptcy Docket No. ("BK No.") 1. Appellant's bankruptcy petition states that "Cynthia Moya, Estate" is a "Non-Individual ENTITY."[1] BK No. 1. On June 2, 2017, the Chapter 7 Trustee filed a motion to dismiss Appellant's bankruptcy case. BK No. 34. The Trustee recited that Moya appeared at the first meeting of creditors, claimed to be an attorney representing Appellant's estate, and then admitted she was not licensed to practice law. *Id.* The Trustee pointed out that as a "non-individual entity," the Appellant-Estate must comply with NM Local Bankruptcy Rule 1074-1 by retaining counsel. *Id.*

U.S. Bankruptcy Judge Robert Jacobvitz ("the Bankruptcy Court") held a hearing on the

---

[1] Cynthia Moya's individual Chapter 7 case had been dismissed about two weeks earlier for failure to pay the filing fee. *See* BK No. 50 in Case No. 16-13074-j7.

motion to dismiss on July 20, 2017. BK No. 46. The resulting order directed Appellant to retain counsel and pay the $335.00 bankruptcy filing fee in cash no later than August 31, 2017.[2] BK No. 46. The Bankruptcy Court warned that the failure to timely comply would result in dismissal of the bankruptcy case without further notice or a hearing. *Id.* In response, Appellant filed an "Affidavit of EVIDENCE of Non-Consent in Brief." BK No. 49. The Bankruptcy Court construed the filing as a motion to reconsider, which it then denied. BK No. 50. By an order entered September 1, 2017, the Bankruptcy Court dismissed Appellant's bankruptcy case for failing to pay the filing fee and/or retain counsel ("Dismissal Order"). BK No. 51.

On September 25, 2017, Appellant filed a "[n]otice of appeal to an [A]rticle III venue as a natural woman and not a non-individual . . . on behalf of the constructive trust as the BENEFICIAL OWNER OF THE EQUITABLE CESTUI QUE TRUST." BK No. 58. The Bankruptcy Clerk transmitted the Notice of Appeal to the District Court, which generated the instant case (Civ. No. 17-978 JB/GJF). BK No. 62. The Notice of Appeal includes the Bankruptcy Case No. (17-10839-j7) but does not refer to the Dismissal Order or otherwise identify the challenged ruling. *Id.*

On October 16, 2017 - before the District Court appeal was ripe for determination[3] - Appellant filed a second Notice of Appeal. BK No. 66. Appellant again failed to identify the Bankruptcy Court order at issue. *Id.* However, unlike the first Notice of Appeal, the second Notice of Appeal did not specifically elect to have the District Court hear the appeal. *Id.* The

---

[2] The hearing minutes indicate Appellant was required to pay the filing fee in cash because the money orders Appellant originally submitted were not honored by the bank. *See* ECF No. 46 in case no. 17-10839-j7.

[3] The appellant must designate the record and file a statement of issues to be presented before the District Court can address the merits of an appeal. *See* FED. R. BANKR. P. 8009(a)(1)(A). The Bankruptcy Clerk then transmits the record to the District Court or, alternatively, files a notice describing why she cannot transmit the record. *See* FED. R. BANKR. P. 9036; NM LBR 9036-1; FED. R. CIV. P. 5(b)(3).

Bankruptcy Clerk therefore transmitted the second Notice of Appeal to the Bankruptcy Appellate Panel ("BAP") as required by Bankruptcy Rule 8003. BK No. 67; FED. R. BANKR. P. 8003(d)(1) ("The bankruptcy clerk must promptly transmit the notice of appeal to the BAP clerk if . . . the appellant has not elected to have the district court hear the appeal."). The BAP directed Appellant to show cause why the BAP appeal should not be dismissed as untimely. Case No. 17-046, BAP Docket No. ("BAP No.") 5. Appellant failed to respond, and the BAP dismissed the second appeal by a mandate issued November 17, 2017. BAP No. 11-2; BK No. 96.

The District Court case is still pending, but Appellant has not designated the items to be included in the record or filed a statement of issues to be presented as required by Federal Rule of Bankruptcy Procedure 8009. Instead, Moya filed an affidavit stating that, in her view, Appellant does not need to name an appellee. ECF No. 5. For reasons unknown, the affidavit also attaches the second Notice of Appeal transmitted to the BAP. *Id.*

## II. DISCUSSION

The District Court has "jurisdiction to hear appeals from . . . final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a)(1) (2018). The appellate process functions in essentially the "same manner as [civil] appeals . . . are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). However, the procedures and "time limits that govern such an appeal are . . . set forth in the Bankruptcy Rules" rather than the Federal Rules of Appellate Procedure. *In re Latture,* 605 F.3d 830, 838 (10th Cir. 2010). *See also* FED. R. BANKR. P. 8001(a) ("These . . . rules govern the procedure in a United States District Court . . . on appeal from a judgment, order or decree of a bankruptcy court.").

Bankruptcy Rule 8002(a) provides that "a notice of appeal must be filed . . . within 14 days after entry of the judgment, order, or decree being appealed." The 14-day appeal period can only

be extended where: (1) a party files a post-judgment motion within 14 days of the bankruptcy ruling; (2) the appellant is incarcerated; or (3) the appellant timely requests an extension. FED. R. BANKR. P. 8002(b)-(d). The Tenth Circuit has held that the "failure to file a timely notice of appeal is a jurisdictional defect barring appellate review of a bankruptcy court's order." *Latture*, 605 F.3d at 831 (citations omitted). *See also U.S. v. Spaulding,* 802 F.3d 1110, 1130 (10th Cir. 2015) ("Rule 8002 . . . is jurisdictional because a federal statute [28 U.S.C. § 158(c)(2)] explicitly directs that [bankruptcy] appeals be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules.") (citations omitted). Courts are therefore permitted to *sua sponte* examine the timeliness of a bankruptcy appeal to determine whether jurisdiction is proper. *See In re Higgins,* 220 B.R. 1022, 1024 (10th Cir. BAP 1998) (examining the timeliness of a bankruptcy appeal and noting that "[t]he panel determines its jurisdiction *sua sponte*"); *In re Bucyrus Grain Co., Inc.,* 905 F.2d 1362, 1365 (10th Cir. 1990) (*sua sponte* examining jurisdiction over a bankruptcy appeal).

The Notice of Appeal does not specify which ruling Appellant seeks to challenge in Bankruptcy Case No. 17-10839. However, the last pre-appeal order, judgment, or decree in that case was the Dismissal Order entered September 1, 2017. Appellant filed the first Notice of Appeal 24 days later on September 25, 2017. It appears the Notice of Appeal is untimely, and the Court lacks jurisdiction to hear the appeal, regardless of which Bankruptcy Court ruling Appellant seeks to challenge in Case No. 17-10839.

Consequently, the Court hereby **ORDERS** Appellant Cynthia Moya, Estate to **SHOW CAUSE** in writing **within twenty-one (21) days of entry of this Order** why this appeal should not be dismissed for lack of jurisdiction.

It is **FURTHER ORDERED** that if Appellant fails to timely respond, the case may be dismissed without notice or a hearing.

**IT IS SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE