# UNITED STATES DISTRICT COURT
# DISTRICT OF NEW MEXICO

CYNTHIA MOYA,

    Appellant,

v.                                                                                                                     Civ. No. 17-978 JB/GJF

FNU LNU,

    Appellee.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

THIS MATTER comes before the Court following the Memorandum Opinion and Order to Show Cause why this bankruptcy appeal should not be dismissed for lack of jurisdiction [ECF No. 8]. Also before the Court is Appellant's "Motion [for] Payment for Fees" ("Motion") [ECF No. 7]. Appellant did not respond to the Order to Show Cause or otherwise demonstrate this Court has jurisdiction over the appeal. Having reviewed the record and applicable law, the undersigned recommends that the Motion be denied and the appeal be dismissed for lack of jurisdiction.

## I. PROCEDURAL BACKGROUND

The following background derives from the District Court record and the underlying Bankruptcy Court docket. *See United States v. Ahidley*, 486 F.3d 1184, 1192 n.5 (10th Cir. 2007) (courts have "discretion to take judicial notice of publicly-filed records ... and certain other courts concerning matters that bear directly upon the disposition of the case at hand"); *In re Schupbach,* 607 F. App'x 831, 838 (10th Cir. May 19, 2015) (unpublished) (holding the appellate court may take judicial notice of the underlying bankruptcy docket).

Appellant commenced the underlying Chapter 7 bankruptcy case on April 4, 2017. Case No. 17-10839-j7, Bankruptcy Docket No. ("BK No.") 1. Appellant's bankruptcy petition states

that "Cynthia Moya, Estate" is a "Non-Individual ENTITY."[1]  BK No. 1.  On June 2, 2017, the Chapter 7 Trustee filed a motion to dismiss Appellant's bankruptcy case.  BK No. 34.  The Trustee recited that Moya appeared at the first meeting of creditors, claimed to be an attorney representing Appellant's estate, and then admitted she was not licensed to practice law.  *Id.*  The Trustee pointed out that as a "non-individual entity," the Appellant-Estate must comply with NM Local Bankruptcy Rule 1074-1 by retaining counsel.  *Id.*

The Bankruptcy Court (Hon. Robert Jacobvitz) held a hearing on the motion to dismiss on July 20, 2017.  BK No. 46.  The resulting order directed Appellant to retain counsel and pay the $335.00 bankruptcy filing fee in cash no later than August 31, 2017.[2]  BK No. 46.  The Bankruptcy Court warned that the failure to timely comply would result in dismissal of the bankruptcy case without further notice or a hearing.  *Id.*  In response, Appellant filed an "Affidavit of EVIDENCE of Non-Consent in Brief."  BK No. 49.  The Bankruptcy Court construed the filing as a motion to reconsider, which it then denied.  BK No. 50.  By an order entered September 1, 2017, the Bankruptcy Court dismissed Appellant's bankruptcy case for failing to pay the filing fee and/or retain counsel ("Dismissal Order").  BK No. 51.

On September 25, 2017, Appellant filed a "[n]otice of appeal to an [A]rticle III venue as a natural woman and not a non-individual, … on behalf of the constructive trust as the BENEFICIAL OWNER OF THE EQUITABLE CESTUI QUE TRUST."  BK No. 58.  The Bankruptcy Clerk transmitted the Notice of Appeal to the District Court, which generated the instant case (Civ. No. 17-978 JB/GJF).  BK No. 62.  The Notice of Appeal includes the Bankruptcy Case No.

---

[1] Cynthia Moya's individual Chapter 7 case had been dismissed about two weeks earlier for failure to pay the filing fee.  *See* BK No. 50 in Case No. 16-13074-j7.

[2] The hearing minutes indicate Appellant was required to pay the filing fee in cash because the money orders Appellant originally submitted were not honored by the bank.  *See* BK No. 46 in case no. 17-10839-j7.

2

(17-10839-j7) but does not refer to the Dismissal Order or otherwise identify the challenged ruling. *Id*. After the appeal was docketed, Moya filed a "Motion Payment for Fees" (Motion). ECF No. 7.

## II. DISCUSSION

### A. The Motion for Payment of Fees Should Be Denied

The filing fee for this bankruptcy appeal is $298. *See* 28 U.S.C. § 1930(c) (requiring $5 for the notice of appeal); Bankruptcy Court Miscellaneous Fee Schedule, ¶14 (setting an additional fee of $293). The Motion appears to seek an order directing the Clerk's Office to collect the fee from the Social Security Administration. This request is frivolous and has no basis in law. Further, even if the Court construed the Motion as a request to waive the bankruptcy appeal fee, it would still be deficient. To succeed on such a motion, the appellant must show an inability to pay the filing fee. *See generally* 28 U.S.C. § 1930(f)(1); *In re Musil,* 946 F.2d 901 (10th Cir. Oct. 9, 1991) (addressing the bankruptcy appeal fee); *In re Satterfield,* 337 F. App'x 739, 740 (10th Cir. 2009) (unpublished) (citing *In re Domenico*, 364 B.R. 418, 420 (Bankr. D.N.M. 2007), which allows a § 1930 waiver for "the most destitute of debtors").[3] The Motion does not contain any income information or even allege an inability to pay. It should therefore be denied.

### B. The Appeal Is Untimely

The District Court has "jurisdiction to hear appeals from . . . final judgments, orders, and decrees" of the Bankruptcy Court. 28 U.S.C. § 158(a)(1) (2012). The appellate process

---

[3] *Satterfield* suggests that District Courts should consider referring § 1930 fee waivers to the Bankruptcy Court in the first instance, as both courts have statutory authority to waive the appeal fee. *See* 337 Fed. App'x 739, 740 ("Perhaps, given Satterfield's pro se status, the BAP should have construed his in forma pauperis motion as a motion under § 1930(f), and should have referred the issue to the bankruptcy court in the first instance."); 28 U.S.C. § 1930(f)(2) ("The district court or the bankruptcy court may waive for such debtors other fees prescribed under" the statute). However, such a referral is not necessary here because Appellant already filed the Motion in the Bankruptcy Court, and Judge Jacobvitz entered a text-only notice indicating he intended to take no further action on the request. *See* BK No. 69 and Accompanying Text-Only Notice.

functions in essentially the "same manner as [civil] appeals . . . are taken to the courts of appeals from the district courts." 28 U.S.C. § 158(c)(2). However, the procedures and "time limits that govern such an appeal are … set forth in the Bankruptcy Rules" rather than the Federal Rules of Appellate Procedure. *In re Latture,* 605 F.3d 830, 838 (10th Cir. 2010). *See also* Fed. R. Bankr. P. 8001(a) ("These . . . rules govern the procedure in a United States District Court … on appeal from a judgment, order or decree of a bankruptcy court.").

Bankruptcy Rule 8002(a) provides that "a notice of appeal must be filed … within 14 days after entry of the judgment, order, or decree being appealed." The 14-day appeal period can only be extended where: (1) a party files a post-judgment motion within 14 days of the bankruptcy ruling; (2) the appellant is incarcerated; or (3) the appellant timely requests an extension. FED. R. BANKR. P. 8002(b)-(d). The Tenth Circuit has held that the "failure to file a timely notice of appeal is a jurisdictional defect barring appellate review of a bankruptcy court's order." *Latture*, 605 F.3d at 831 (citations omitted). *See also U.S. v. Spaulding,* 802 F.3d 1110, 1130 (10th Cir. 2015) ("Rule 8002 … is jurisdictional because a federal statute [28 U.S.C. § 158(c)(2)] explicitly directs that [bankruptcy] appeals be taken ... in the time provided by Rule 8002 of the Bankruptcy Rules.") (citations omitted). Courts are therefore permitted to *sua sponte* examine the timeliness of a bankruptcy appeal to determine whether jurisdiction is proper. *See In re Higgins,* 220 B.R. 1022, 1024 (10th Cir. BAP 1998) (examining the timeliness of a bankruptcy appeal and noting that "[t]he panel determines its jurisdiction *sua sponte*"); *In re Bucyrus Grain Co., Inc.,* 905 F.2d 1362, 1365 (10th Cir. 1990) (*sua sponte* examining jurisdiction over a bankruptcy appeal).

Here, the last pre-appeal order, judgment, or decree in the bankruptcy case was the Dismissal Order entered September 1, 2017. Appellant filed the first Notice of Appeal 24 days later on September 25, 2017. Therefore, regardless of which Bankruptcy Court ruling Appellant

4

seeks to challenge in Case No. 17-10839, the appeal is untimely. By a Memorandum Opinion and Order to Show Cause entered February 21, 2018, the Court explained the above timeline and directed Appellant to show cause in writing why the appeal should not be dismissed for lack of jurisdiction. The Order warned that the failure to respond by March 14, 2018 could result in dismissal. Appellant did not respond. Consequently, the untimely appeal should be dismissed for lack of jurisdiction.

### III. CONCLUSION

Having reviewed Appellant's submissions, the relevant law, and the record, the undersigned finds Appellant's Motion is frivolous, and in any event, the Court lacks jurisdiction over the untimely appeal.

Therefore, the undersigned **RECOMMENDS** that Appellant's Motion [ECF No. 7] be **DENIED** and the bankruptcy appeal be **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction.

**IT IS SO RECOMMENDED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition, they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1).
**A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**