IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

CYNTHIA MOYA,

    Appellant,

vs.                                                No. CIV 17-0978 JB\GJF

FNU LNU,

    Appellee.

## MEMORANDUM OPINION AND ORDER
## ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND
## RECOMMENDED DISPOSITION, AND DISMISSING THE BANKRUPTCY APPEAL

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 29, 2018 (Doc. 9)("PFRD"), advising that the Court: (i) deny the Appellant's Motion [for] Payment of Fees, filed November 29, 2017 (Doc. 7)("Motion"); and (ii) dismiss this bankruptcy appeal as untimely and for lack of jurisdiction. The parties do not object to the PFRD, thereby waiving their right to review of the proposed ruling. See United States v. 2121 E. 30th Street, 73 F.3d 1057, 1060 (10th Cir. 1996). Further, upon review of the record, the Court concludes the findings and recommended disposition proposed by the Honorable Gregory Fouratt, United States Magistrate Judge of the District of New Mexico, are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court will therefore: (i) adopt the PFRD; (ii) deny the Appellant's Motion; and (iii) dismiss this bankruptcy appeal.

**BACKGROUND**

This appeal challenges an unspecified ruling that the Bankruptcy Court made in Appellant Cynthia Moya's Chapter 7 bankruptcy case,[1] Case No. 17-10839-j7. See Clerk's Certificate of Service of Notice of Appeal, filed September 26, 2017 (Doc. 1). By an Order entered November 17, 2017, the Court referred the case to Magistrate Judge Fouratt for proposed findings and a recommended disposition. See Order of Reference Relating to Bankruptcy Appeals, filed November 17, 2017 (Doc. 6). On November 29, 2017, Moya filed the Motion, which "authoriz[es] the clerk of court to receive payment for services rendered due in the above mentioned case(s)" using the attached social security form "SSA 445." Motion at 1.

On February 21, 2018, Magistrate Judge Fouratt issued a Memorandum Opinion and Order to Show Cause. See Doc. 8 ("MOO"). The MOO directed Moya to show cause why the Court should not dismiss the bankruptcy appeal for lack of jurisdiction, as it was filed more than fourteen days after the last pre-appeal order, judgment, or decree in Bankruptcy Case No. 17-10839-j7. See MOO at 4. See also In re Latture, 605 F.3d 830, 833 (10th Cir. 2010)(noting district courts lack jurisdiction over untimely bankruptcy appeals). Moya has not responded to the MOO. On May 29, 2018, Magistrate Judge Fouratt issued the PFRD, recommending the Court dismiss the appeal as untimely and for lack of jurisdiction. See PFRD at 1. Magistrate Judge Fouratt further recommends that the Court deny the Motion. See PFRD at 1. Moya never appeared or objected to the PFRD.

---

[1]Chapter 7 bankruptcy is governed by 11 U.S.C. § 701 et seq. and is known as liquidation bankruptcy because it involves debtors selling possessions to repay their debts.

## LAW REGARDING BANKRUPTCY APPEALS

District courts have jurisdiction pursuant to 28 U.S.C. § 158(a) to hear appeals from the Bankruptcy Courts' final judgments, orders, and decrees. The district court applies the same standards of review that govern appellate review in other cases. See, e.g., Sender v. Johnson (In re Hedged–Investments Assocs., Inc.), 84 F.3d 1267, 1268 (10th Cir. 1996). The Bankruptcy Court's legal determinations are reviewed de novo, and its factual findings are reviewed for clear error. See Phillips v. White (In re White), 25 F.3d 931, 933 (10th Cir. 1994).

Section 158 of Title 28 describes the appellate process in bankruptcy cases. It provides: "An appeal under subsections (a) and (b) of this section shall be taken in the same manner as appeals in civil proceedings generally are taken to the courts of appeals from the district courts and in the time provided by Rule 8002 of the Bankruptcy Rules." 28 U.S.C. § 158(c)(2). The United States Court of Appeals for the Tenth Circuit has reiterated this rule, noting the "time limits that govern [a bankruptcy] appeal are . . . set forth in the Bankruptcy Rules." In re Latture, 605 F.3d at 838.

Rule 8002(a) of the Federal Rules of Bankruptcy Procedure provides: "[A] notice of appeal must be filed . . . within 14 days after entry of the judgment, order, or decree being appealed." As Magistrate Judge Fouratt correctly observed, the "'failure to file a timely notice of appeal [is] a jurisdictional defect barring appellate review' of a bankruptcy court's order." In re Latture, 605 F.3d at 831 (alteration in original)(citations omitted). See United States v. Spaulding, 802 F.3d 1110, 1130 (10th Cir. 2015)("Rule 8002 . . . is jurisdictional because a federal statute [28 U.S.C. § 158(c)(2)] explicitly directs that [bankruptcy] appeals 'be taken . . . in the time provided by Rule 8002 of the Bankruptcy Rules.'" (citations omitted)).

# LAW REGARDING OBJECTIONS TO
# PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive matters to a magistrate judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1)("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense . . . ."). Rule 72(b)(2) of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a magistrate judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. 2121 E. 30th Street, 73 F.3d at 1059 (10th Cir. 1996)(quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act [28 U.S.C. §§ 631-39], including judicial efficiency." United

States v. 2121 E. 30th Street, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 949 (6th Cir. 1981)).

The Tenth Circuit held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." United States v. 2121 E. 30th Street, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, have adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" United States v. 2121 E. 30th Street, 73 F.3d at 1059 (citations omitted). In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1031 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).

In United States v. 2121 East 30th Street, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See United States v. 2121 E. 30th Street, 73 F.3d at 1060. The Supreme Court of the United States of America -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. See S. Rep. No. 94-625, pp. 9-10 (1976) (hereafter Senate Report); H. R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." See Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereafter Senate Hearings). The Committee also heard Judge Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. See id., at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order"). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. See Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting § 636(b)(1)(C), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (emphasis in original)(footnotes omitted).

The Tenth Circuit also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" United States v. 2121 E. 30th Street, 73 F.3d at 1060 (alteration in original)(quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir.

1991)("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations.")(citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 (noting that, while "[a]ny party that desires plenary consideration by the Article III judge of any issue need only ask," a failure to object "does not preclude further review by the district judge, sua sponte or at the request of a party, under a de novo or any other standard"). In United States v. 2121 East 30th Street, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal, because it would advance the waiver rule's underlying interests. United States v. 2121 E. 30th Street, 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite the waiver rule's potential application, but Courts of Appeals opted to enforce the waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). "[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." United States v. Raddatz, 447 U.S. at 676 (quoting 28 U.S.C. § 636(b); citing Mathews v. Weber, 423 U.S. 261, 275 (1976)). The Tenth Circuit requires a "district court to consider relevant evidence of record and not merely review the magistrate judge's recommendation" when conducting a de novo review of a party's timely, specific objections to the magistrate judge's report. Griego v. Padilla (In re Griego), 64

F.3d 580, 583-84 (10th Cir. 1995). "When objections are made to the magistrate's factual findings based on conflicting testimony or evidence . . . the district court must, at a minimum, listen to a tape recording or read a transcript of the evidentiary hearing." Gee v. Estes, 829 F.2d 1005, 1008-09 (10th Cir. 1987).

A district court must "clearly indicate that it is conducting a de novo determination" when a party objects to the magistrate judge's report "based upon conflicting evidence or testimony." Gee v. Estes, 829 F.2d at 1009. On the other hand, a district court fails to meet 28 U.S.C. § 636(b)(1)'s requirements when it indicates that it gave "considerable deference to the magistrate's order." Ocelot Oil Corp. v. Sparro Indus., 847 F.2d 1458, 1464 (10th Cir. 1988). A district court need not, however, "make any specific findings; the district court must merely conduct a de novo review of the record." Garcia v. City of Albuquerque, 232 F.3d 760, 766 (10th Cir. 2000). "[T]he district court is presumed to know that de novo review is required. Consequently, a brief order expressly stating the court conducted de novo review is sufficient." Northington v. Marin, 102 F.3d 1564, 1570 (10th Cir. 1996)(citing Griego v. Padilla (In re Griego), 64 F.3d at 583-84). "[E]xpress references to de novo review in its order must be taken to mean it properly considered the pertinent portions of the record, absent some clear indication otherwise." Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d 722, 724 (10th Cir. 1993). The Tenth Circuit has previously held that a district court properly conducted a de novo review of a party's evidentiary objections when the district court's "terse" order contained one sentence for each of the party's "substantive claims" and did "not mention his procedural challenges to the jurisdiction of the magistrate to hear the motion." Garcia v. City of Albuquerque, 232 F.3d at 766. The Tenth Circuit has explained that brief district court orders that "merely repeat[] the

language of § 636(b)(1) to indicate its compliance" are sufficient to demonstrate that the district court conducted a de novo review:

> It is common practice among district judges in this circuit to make such a statement and adopt the magistrate judges' recommended dispositions when they find that magistrate judges have dealt with the issues fully and accurately and that they could add little of value to that analysis. We cannot interpret the district court's statement as establishing that it failed to perform the required de novo review.

Griego v. Padilla (In re Griego), 64 F.3d at 584.

Notably, because a district court may, when there is no objection, place whatever reliance it chooses on a magistrate judge's proposed findings and recommendations, a district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate," 28 U.S.C. § 636(b)(1)(C), as "Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations," United States v. Raddatz, 447 U.S. at 676. See Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42, 8 F.3d at 724-25 (holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with the de novo determination that 28 U.S.C. § 636(b)(1) and United States v. Raddatz require).

Where no party objects to the magistrate judge's proposed findings and recommended disposition, the Court has, as a matter of course and in the interests of justice, reviewed the magistrate judge's recommendations. In Pablo v. Social Security Administration, No. CIV 11-0132, 2013 WL 1010401, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.), the plaintiff failed to respond to the magistrate judge's proposed findings and recommended disposition, and thus waived his right to appeal the recommendations, but the Court nevertheless conducted a review. The Court generally does not, however, "review the PF&RD de novo, [when] the parties have not objected thereto, but rather review[s] the recommendations to determine whether they are clearly

erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously] contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (first alteration in original)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court . . . reviewed the findings and recommendations of the . . . United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 150 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is signed at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## **ANALYSIS**

Although no party timely objected to the PFRD, the Court has reviewed the PFRD. Upon review, the Court determines that Magistrate Judge Fouratt's findings and recommended

erroneous, arbitrary, obviously contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *4. The Court, thus, does not determine independently what it would do if the issues had come before the Court first, but rather adopts the proposed findings and recommended disposition where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously] contrary to law, or an abuse of discretion." Pablo v. Soc. Sec. Admin., 2013 WL 1010401, at *3 (first alteration in original)(quoting Workheiser v. City of Clovis, No. CIV 12-0485, 2012 WL 6846401, at *3 (D.N.M. Dec. 28, 2012)(Browning, J.). See Alexandre v. Astrue, No. CIV 11-0384, 2013 WL 1010439, at *4 (D.N.M. Feb. 27, 2013)(Browning, J.)("The Court . . . reviewed the findings and recommendations of the . . . United States Magistrate Judge, to determine if they are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court determines that they are not, and will therefore adopt the PFRD."). This review, which is deferential to the magistrate judge's work when there is no objection, nonetheless provides some review in the interest of justice, and seems more consistent with the waiver rule's intent than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 150 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate."). The Court is reluctant to have no review at all if its name is signed at the bottom of the order adopting the magistrate judge's proposed findings and recommendations.

## **ANALYSIS**

Although no party timely objected to the PFRD, the Court has reviewed the PFRD. Upon review, the Court determines that Magistrate Judge Fouratt's findings and recommended

disposition in the PFRD are not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court will: (i) adopt the PFRD; (ii) deny Moya's Motion; and (iii) dismiss this bankruptcy appeal without prejudice for lack of jurisdiction. See Brereton v. Bountiful City Corp., 434 F.3d 1213, 1218 (10th Cir. 2006)("[D]ismissals for lack of jurisdiction should be without prejudice because the court, having determined that it lacks jurisdiction over the action, is incapable of reaching a disposition on the merits of the underlying claims.").

**IT IS ORDERED**: (i) The Magistrate Judge's Proposed Findings and Recommended Disposition, filed May 29, 2018 (Doc. 9), is adopted; (ii) Appellant Cynthia Moya's Motion [for] Payment of Fees, filed November 29, 2017 (Doc. 7), is denied; and (iii) the above-captioned bankruptcy appeal is dismissed without prejudice for lack of jurisdiction.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Cynthia Moya
Rio Ranco, New Mexico

 *Appellant pro se*